IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND CASS BALLARD,

    Plaintiff,

v.

                                                        No. 1:18-cv-02389-JDB-jay

DYER COUNTY, TENNESSEE
AND STEVE WALKER

    Defendants.

___

ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

___

Plaintiff, Raymond Cass Ballard, filed his complaint in this District on June 8, 2018, seeking damages under 42 U.S.C. § 1983 and a related state law negligence action for alleged civil rights violations against Defendants, Dyer County, Tennessee and Steve Walker, the Dyer County Chancery Court clerk.[1] (Docket Entry ("D.E.") 1.) Defendants moved to dismiss the state law claim pursuant to Fed. R. Civ. P. 12(b)(6), contending that part of Plaintiff's action was barred by the Tennessee Governmental Tort Liability Act. (D.E. 13-1 at PageID 29–32.) Ballard amended his complaint to remove the negligence claim and the undersigned thereafter denied Defendants' motion to dismiss as moot. (D.E. 19, 29.)

On January 22, 2019, Defendants filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). (D.E. 32.) Plaintiff responded on March 12, 2019, (D.E. 42), to which Defendants replied, (D.E. 44.)

---

[1] Ballard originally instituted his claims in the Western Division but the lawsuit was transferred to the Eastern Division by District Judge Samuel H. Mays, Jr. upon motion of the Plaintiff. (D.E. 24.)

1

# I. BACKGROUND

In his complaint, Ballard alleges that, in July 2015, he filed a petition in the Chancery Court of Dyer County, Tennessee against the mother of his child for civil contempt, criminal contempt, and a modification of his permanent parenting plan. (D.E. 19 ¶ 8.) According to Plaintiff, on July 27, 2016, the chancery court found the mother in criminal contempt, but only imposed a "de minimis penalty." (*Id.* ¶ 9.) Although not mentioned in his complaint, the court also denied Ballard's request for modification of his permanent parenting plan, as well as his request that the mother be held in civil contempt. *Ballard v. Cayabas*, No. W2016-01913-COA-R3-CV, 2017 WL 2471090, at *1 (Tenn. Ct. App. June 8, 2017). Plaintiff sought to appeal these rulings and asserted that he delivered notices of appeal to the Dyer County Clerk and Master on the three issues on August 23, 2016 and August 29, 2016.[2] (D.E. 19 ¶ 10.) Unfortunately, the notices were not stamped as accepted by the clerk until August 31, 2016—more than thirty days after the chancery court entered judgment for all three issues.[3] (*Id.*); *see* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Appeals . . . , the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from.")

---

[2] Neither the appellate court's opinions nor Plaintiff's filings in this Court explain why he filed three separate notices of appeal.

[3] According to a calculation by this Court, Ballard had until August 22, 2016 to file a notice of appeal regarding his criminal contempt issue and until August 29, 2016 to do so for his parenting plan modification and civil contempt issues. *See* Tenn. R. Civ. P. 6.01 (explaining that "the date of the . . . event . . . after which the designated period of time begins to run is not to be included" in calculating dates and that if the last day of the period falls on a Saturday or Sunday, it should be excluded). This comports with the findings of the Tennessee Court of Appeals. *Ballard*, 2017 WL 2471090, at *3–4 ("August 23 is more than thirty days from the July 21, 2016 criminal contempt order.") ("Assuming the Clerk and Master had filed his notice of appeal on [August 26, 2016]," the appeal of the remaining issues "would be timely.")

An opinion issued by the Tennessee Court of Appeals in this case contradicts some of Plaintiff's allegations. *Ballard*, 2017 WL 2471090. In its decision, the appellate court held that the notice of appeal from the Chancellor's criminal contempt finding was not timely filed, as that judgment became final on July 21, 2016 when the chancellor issued a ruling imposing punishment, and not on July 27, as Plaintiff states in his complaint.[4] *Id.* at *2–3. Therefore, the court held that Ballard waived all issues regarding the criminal contempt. *Id.* at *3. The court then remanded the case to the chancery court for a hearing on whether the appeals of the other two issues had been timely filed, as those judgments were issued on July 27, 2016 when the chancellor filed an order deciding the issues. *Id.* at *3–4. After the chancellor determined the timeliness of the filings, the Court of Appeals proceeded to consider the issues of those appeals on their merits and affirmed the judgment of the trial court. *Ballard v. Cayabas*, No. W2016-01913-COA-R3-CV, 2017 WL 4570414, at *6 (Tenn. Ct. App. Oct. 12, 2017).

Despite the appellate court's findings, Plaintiff insists that Walker "and his agents . . . deliberately and maliciously" failed to stamp the notices when they were received. (D.E. 19 ¶ 11.) Ballard claims that Walker's errors, along with Dyer County's policies and procedures that permitted the mistakes, amounted to a violation of his due process rights under the Fourteenth and Fifth Amendments of the United States Constitution. (*Id.* ¶ 11–13.) Accordingly, Plaintiff brought this suit against Defendants under 42 U.S.C. § 1983, seeking monetary damages in the amount of $250,000.

---

[4] Plaintiff appears to be relying on a July 27, 2016 transcript issued by the chancery court as the final judgment from which he was to begin calculation of his appeal deadline. *See Ballard*, 2017 WL 2471090, at *3. However, the appellate court explicitly held that the trial court's July 21, 2016 oral order fixing punishment was the correct date from which to do so. *Id.* For the same reasons discussed *infra*, Section III-A, the Court will not question the finding of the appellate court.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. *Lindsey v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). Thus, when a party moves for such a judgment, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). As with a motion under Rule 12(b)(6), although "detailed factual allegations" are unnecessary, a plaintiff must still "provide the grounds of his entitlement to relief" beyond just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Thus, "[t]he Court need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (internal quotation marks omitted). The motion must be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## III. ANALYSIS

Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018). "Section 1983 creates no substantive rights, but 'merely provides remedies for deprivations of rights established elsewhere.'" *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) (citing *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000)).

A. *Effect of State Court Proceedings*

The Court must initially consider the effect of the state court proceedings that gave rise to this case. Regarding Plaintiff's criminal contempt appeal, the Tennessee Court of Appeals found that the chancellor had entered judgment on July 21, 2016, which set the punishment. *Ballard*, 2017 WL 2471090, at *3. Therefore, "Ballard's thirty[-]day period in which to file a notice of appeal on the criminal contempt began to run" on that date. *Id.*; *see also id.* at *2 (citations and internal quotation marks omitted) (explaining that, because "a contempt proceeding is sui generis," "the judgment of contempt becomes final upon entry of the judgment imposing punishment therefor[]" rather than at the conclusion of the underlying case). Thus, the appellate court held that the notice of appeal for that issue was untimely, even if it had "been filed the same day Mr. Ballard's attorney signed the certificate of service" thereon.

Plaintiff presents the selfsame argument to this Court as he did to the appellate court: had the Clerk and Master stamped his notice of appeal promptly, his case would have been heard. (D.E. 19 at ¶¶ 10–11.) This is contrary to the finding of the Tennessee Court of Appeals, which held, as a matter of law, that Ballard waived his right to appeal by filing late. *Ballard*, 2017 WL 2471090, at *3. Plaintiff's plea that this Court reconsider the substance of the appellate court's holding is, in essence, a request to review the judgment of that court, which is something only the

5

United States Supreme Court may do. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). "Under the *Rooker–Feldman* doctrine, a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kavele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489 (2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005)). Therefore, this Court will not consider Ballard's assertion that the actions of Defendants prevented him from appealing the criminal contempt judgment.

The appeals court found that the remaining trial court judgments, on the other hand, became final on July 27, 2016. *Ballard*, 2017 WL 2471090, at *3. Consequently, the court reasoned, it was possible that Plaintiff had timely filed his notices of appeal, but they were stamped improperly, as he had contended. *Id.*, at *4. Indeed, the third, handwritten appeal contained a fax header dated August 26, 2016. *Id.* However, the court observed that "arguments of counsel are not evidence," and remanded the case to the chancery court for fact-finding on the matter. *Id.* Upon consideration of that question, the trial court found that the notices of appeal for the remaining issues were timely filed—as Ballard had insisted—because "[f]or inexplicable reasons, the trial court clerk did not stamp the notice of appeal as filed on the day it was received by his office." *Ballard*, 2017 WL 4570414, at *1. Accordingly, the Tennessee Court of Appeals adjudicated the issues on their merits, ultimately affirming the judgment of the lower court. *Id.*, at *6.

Recognizing that the nature of Plaintiff's claim requires that he be totally denied relief on an underlying claim, *see infra* Section III-B, the Court finds it appropriate to take judicial notice of the proceedings in the chancery court and the appellate court under Fed. R. Evid. 201(b), which allows a court to "judicially notice a fact that is not subject to reasonable dispute" when it "can be

6

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Scarso v. Cuyahoga Cty. Dep't of Human Servs.*, 917 F.2d 1305 (6th Cir. 1990) (unpublished) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir.1980)) ("In determining the legal efficacy of plaintiff's complaint, the lower court properly took judicial notice of facts in the public record, specifically the records of state court proceedings.") Thus, Ballard is foreclosed from arguing that his underlying claims were not heard due to the error of Defendants.

### B. Access to Courts Claim

Ballard maintains that Defendants denied him access to the courts of Tennessee, in violation of his Fourteenth and Fifth Amendment due process rights, by failing to timely stamp his notices of appeal as received. (D.E. 19 at ¶ 11–13.) Such a claim requires Plaintiff to show: "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which [he] would have sought on the underlying claim and is now otherwise unattainable." *Flagg*, 715 F.3d at 174 (citations omitted) (internal quotation marks and brackets omitted). To establish substantial prejudice, a plaintiff must demonstrate actual injury. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004). Notably, delay alone does not satisfy the prejudice element; the underlying claim must have been "lost or rejected" because of the hindrance. *Winburn v. Howe*, 43 F. App'x 731, 733–34 (6th Cir. 2002).

The opinions of the Tennessee Court of Appeals effectively demonstrate that Ballard's claim arguably meets the first two elements of the test, but those same decisions also undermine his assertions as to the final two elements. The state courts heard Plaintiff's claims and adjudicated

them on their merits, concluding that he, at the very least, presented a prima facie case. *See Ballard*, 2017 WL 4570414, at *3–6 (analyzing Ballard's appellate issues). Indeed, the trial court found the mother in criminal contempt, agreeing with Plaintiff. *Ballard*, 2017 WL 2471090, at *3. Furthermore, the appellate court characterized the Clerk and Master's inaction as "inexplicable"—although the court did note that "[n]o additional transcripts were provided to this Court" following its remand, *Ballard*, 2017 WL 4570414, at *1—indicating the possibility that obstructive actions had been taken. However, Ballard cannot reasonably argue that he experienced "actual prejudice" that could not "be remedied by the state court." *Flagg*, 715 F.3d at 174. The record is clear in this regard: Plaintiff suffered a delay because of inactions by the Clerk and Master, but that hindrance was remedied by the appellate court's remand to the chancery court for fact-finding on that issue. *See Ballard*, 2017 WL 4570414, at *3–6. He points to no other relief that he would have sought on his underlying claim that is now unattainable, and his access-to-courts claim, therefore, fails as a matter of law.[5]

## IV. CONCLUSION

In light of the foregoing, Defendants' motion for judgment on the pleadings is GRANTED. Because no claims remain, the case is DISMISSED.

IT IS SO ORDERED this 10th of April, 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5] To the extent Ballard argues that Defendants' actions caused him to incur additional, unnecessary expenses, the Court would observe that "[u]nless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate." *Lewellen v. Metro. Gov't of Nashville and Davidson Cty., Tennessee*, 34 F.3d 345, 347 (6th Cir. 1994). In short, the Court recognizes that Plaintiff may have suffered because of the negligence of the Clerk and Master, but these failures do not rise to the level of a constitutional violation. Thus, any remedy Ballard could obtain against these Defendants does not lie within a § 1983 claim.