IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND CASS BALLARD,

    Plaintiff,

v.                                    No. 1:18-cv-02389-JDB-cgc

DYER COUNTY, TENNESSEE,
*et al.*,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

In an order entered April 10, 2019, the Court granted the motion of the Defendants in this matter, Dyer County, Tennessee, and Steve Walker, for judgment on the pleadings and dismissed the case. (Docket Entry ("D.E.") 49.) Before the Court is a document styled "Notice of Error and Objection to Order of Dismissal (Doc No. 49)" filed later the same day by the Plaintiff, Raymond Cass Ballard, who is represented by counsel. (D.E. 50.) Specifically, Ballard asserts as follows:

1. The Court makes long colloquy regarding the Criminal Contempt proceeding which was referenced in documents related to the underlying claim. However, the criminal contempt proceeding itself is irrelevant to the claim presented to this Court.

2. The Court points out that no actual prejudice occurred due to the remand for a hearing; it makes no analysis of the fact that said hearing was deliberately refused by the trial court. The crux of the case appears to have been entirely overlooked in the Court's analysis.

(*Id.*)

The Court construes the filing as a motion for reconsideration of its April 10, 2019, order. Although the Federal Rules of Civil Procedure do not contemplate such motions, they may be properly treated as motions to alter or amend a judgment under Rule 59(e). *See Quatrine v.*

1

*Berghuis*, 751 F. App'x 885, 887 (6th Cir. 2018) (per curiam). A court may grant a Rule 59(e) motion based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest justice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). The Rule may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Thomas v. Copeland*, ___ F. App'x ___, 2018 WL 6566865, at *5 (6th Cir. Dec. 12, 2018) (internal quotation marks omitted) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). "Disagreement with a ruling is also insufficient to warrant granting a motion to reconsider." *Boden v. St. Elizabeth Med. Ctr., Inc.*, Civil Action No. 16-49-DLB-CJS, 2018 WL 4855210, at *2 (E.D. Ky. Oct. 5, 2018). Rule 59(e) "should be used sparingly to correct actual defects in the court's opinion" and not "used liberally to get a second bite at the apple." *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, Case No. 16-cv-13456, 2018 WL 6505370, at *2 (E.D. Mich. Dec. 11, 2018).

In the Court's view, the four sentences offered by the Plaintiff fall short of demonstrating any of the proper bases for a Rule 59(e) motion. The Court addressed and carefully considered the issues raised and argued in Plaintiff's briefs in response to the Defendants' motion.[1] The fact that he is disappointed with the outcome does not get him a second bite at the apple. *See United States v. One 2003 GMC Sierra 3500 Pickup Truck, VIN: 1GTJK33113F208636*, No. 05-74205, 2013 WL 27900, at *1 (E.D. Mich. Jan. 2, 2013) ("The purpose of a motion for reconsideration is not to give an unhappy litigant one additional chance to sway the judge."). Any further missives in this vein should be directed to the Sixth Circuit.

---

[1] Ballard filed a response to the dispositive motion on March 12, 2019 (D.E. 42), and a sur-reply on April 2, 2019 (D.E. 48).

The motion is DENIED.

IT IS SO ORDERED this 11th day of April 2019.

                                                <u>s/ J. DANIEL BREEN</u>
                                                UNITED STATES DISTRICT JUDGE